IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CANDICE STARUH, | : | CIVIL NO: 3:11-CV-01604 |
| | : | |
| Petitioner | : | |
| | : | (Judge Brann) |
| v. | : | |
| | : | (Magistrate Judge Schwab) |
| RHODA WINSTEAD, | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**
February 13, 2015

## I.     BACKGROUND

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28

U.S.C. § 2254 filed by Candice Staruh, an inmate currently confined at the State

Correctional Institute at Cambridge Springs, Pennsylvania. (ECF No. 1).  As

grounds for habeas corpus, the petitioner first claims that the trial court violated

her Sixth and Fourteenth Amendment rights by allowing her mother to assert her

Fifth Amendment privilege not to testify.  Second, the Petitioner claims that the

trial court violated her Sixth and Fourteenth Amendment rights by not allowing

the defense investigator to testify about the statements made by the Petitioner's

mother.  Finally, the Petitioner claims that the trial court violated her Sixth and

Fourteenth Amendment rights by not granting a new trial after evidence of her son

1

K.J.'s[1] abuse at the hands of his foster mother came to light.  Specifically, the

Petitioner argues that, because K.J. had implicated her in the death of her other son

J.J., the lack of this information prior to trial prevented her from questioning the

reliability of his testimony.

On October 14, 2014, Magistrate Judge Susan E. Schwab, to whom the

petition is jointly assigned, issued a report and recommendation advising that the

petition be denied. (ECF No. 28).  The Petitioner subsequently filed objections to

the report and recommendation on October  29, 2014. (ECF No. 31).  After a *de

novo* review of those portions of the report to which the Petitioner objects, the

Court will adopt the Report and Recommendation of Magistrate Judge Susan E.

Schwab (ECF No. 28) in its entirety and will deny the Petitioner's Writ of Habeas

Corpus.

## II.    DISCUSSION

### A.    LEGAL STANDARD

Upon designation, a magistrate judge may "conduct hearings, including

evidentiary hearings, and . . . submit to a judge of the court proposed findings of

fact and recommendations." 28 U.S.C. 636(b)(1)(B).  Once filed, this Report and

---

[1] We follow the practice of both the Pennsylvania Superior Court and the Magistrate
Court by using initials to refer to minor children.

Recommendation is disseminated to the parties in the case who then have the opportunity to file written objections. 28 U.S.C. 636(b)(1).  When objections are timely filed, the district court must conduct a *de novo* review of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); <u>Brown v. Astrue</u>, 649 F.3d 193, 195 (3d Cir.2011).  Although the standard of review for objections is *de novo*, the extent of review lies within the discretion of the district court, and the court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.  <u>Rieder v. Apfel</u>, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (Munley, J.) (citing <u>United States v. Raddatz</u>, 447 U.S. 667, 676 (1980)).

For portions of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED.R.CIV.P. 72(b), advisory committee notes; <u>see also</u> <u>Univac Dental Co. v. Dentsply Intern., Inc.</u>, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (Conner, J.) (citing <u>Henderson v. Carlson</u>, 812 F.2d 874, 878 (3d Cir.1987) (explaining that judges should give some review to every report and recommendation)).  Regardless of whether timely objections are made by a party, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Local Rule 72.31.

B.    ANALYSIS

As indicated above, the Petitioner has filed her Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. 2254.  Under this federal habeas corpus remedy, a

district court is authorized to "entertain an application for a writ of habeas corpus

on behalf of a person in custody pursuant to the judgment of a State court only on

the ground that he is in custody in violation of the Constitution or laws or treaties

of the United States." 28 U.S.C. 2254.  This habeas corpus relief cannot be

granted, however, unless all available state remedies have been exhausted, or there

is an absence of available state corrective process, or circumstances exist that

render such process ineffective to protect the rights of the applicant.  See 28

U.S.C. § 2254(b)(1).  The exhaustion requirement is grounded on principles of

comity in order to ensure that state courts have the initial opportunity to review

federal constitutional challenges to state convictions.  See Werts v. Vaughn, 228

F.3d 178, 192 (3d Cir.2000).

Although the Petitioner initially presented three constitutional claims in her

Petition for Writ of Habeas Corpus, she objects only to the Report and

Recommendation's denial of her second claim for habeas relief.  In this claim, the

Petitioner asserts that the trial court's exclusion of testimony concerning

extrajudicial statements made by her mother, Lois Staruh, violated her

4

constitutional rights.  Specifically, the Petitioner alleges that because Lois Staruh's extrajudicial statements made to a private investigator seemed to accept responsibility for J.J.'s death, the trial court's exclusion of testimony confirming these statements violated her Sixth and Fourteenth Amendment right to present a defense.

The Court will now review *de novo* the Petitioner's specific objections to the Report and Recommendation's finding concerning this matter.

The Petitioner first objects to the Report and Recommendation's finding that it was reasonable for the Superior Court of Pennsylvania to conclude that Lois Staruh's extrajudicial statements to a private investigator were not reliable.  The Petitioner further objects to the finding that the United States Supreme Court decision in Chambers v. Mississippi, 410 U.S. 284 (1973), which concerns the admission of testimony about extrajudicial confessions, is distinguishable from the Petitioner's case.  Finally, the Petitioner objects to the Magistrate Judge's finding that the Superior Court's decision was not in conflict with the holding of Chambers.

Because these objections relate to Chambers v. Mississippi, the Court will review that decision as it relates to the Petitioner's factual situation.  In Chambers, a third party had, on separate occasions, orally confessed to the crime with which

the petitioner in that case was charged.   Chambers, 410 U.S. at 287.  Although the

third party made a confession which was "sworn, transcribed, and witnessed"

while in custody, he later repudiated his confession and was released. Id. at 287-

88.  At Chambers' trial, he was prevented from presenting testimony from parties

to whom the third party had confessed. Id. at 289.  On appeal, the Supreme Court

held that the exclusion of this testimony deprived petitioner of a fair trial. Id. at

302.  In its reasoning, the Chambers Court found that the "testimony rejected by

the trial court . . .  bore persuasive assurances of trustworthiness" and was

"critical" to the petitioner's defense. Id.  Furthermore, the Chambers Court found

that the third party himself was present at trial and could have been questioned as

to the reliability of the testimony concerning his confessions. Id. at 301.

Unlike the testimony in Chambers, the testimony proffered to be introduced

in Petitioner Staruh's case had no indicia of reliability.  In Chambers, the Court

had offered three facts indicating the testimony's reliability.  Similar facts are not

present in the case at bar.  First, unlike the extrajudicial statements at issue in

Chambers, the statements made by Petitioner's mother, Lois Staruh, to the private

investigator were not made immediately after the homicide, but rather on the eve

of the Petitioner's trial.  Second, the extrajudicial statements of Lois Staruh to the

private investigator could not be confirmed by other evidence.  This paucity of

6

supporting evidence is in contrast to <u>Chambers</u> where the testimony of extrajudicial statements could be corroborated by, among other things, the sworn confession of the third party.  Third, unlike in <u>Chambers</u> where the third party was present at the trial of the petitioner and could be cross-examined by the state, Lois Staruh had invoked the Fifth Amendment privilege allowing her to decline to answer questions that might incriminate her and was consequently unable to be cross examined by the state.

Because of these significant factual differences, the Court finds, following *de novo* review, that the extrajudicial statements of Lois Staruh were not reliable. Based on this determination of reliability, the Court further finds that the facts of <u>Chambers</u> are distinguishable from those of the Petitioner's case and that the Superior Court decision was a reasonable application of <u>Chambers</u>.

The remaining objections to the report and recommendation by the Petitioner include conclusory objections based on the report's interpretation of <u>Chambers</u>.  Therefore, because the Court has determined, through *de novo* review, that the Magistrate Judge's findings concerning <u>Chambers</u> were correct, the Petitioner' remaining objections to the Report and Recommendation are denied.

## III.   CONCLUSION

Magistrate Judge Schwab's Report and Recommendation, (ECF No. 28), is

adopted in its entirety.  Petitioner's Petition for Writ of Habeas Corpus  (ECF No. 1), is dismissed.  No certificate of appealability shall issue.  The Clerk is directed to close the case.  A separate Order shall issue in conformity with this Memorandum Opinion.


BY THE COURT:


s/Matthew W. Brann____
Matthew W. Brann
United States District Judge